**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

| | |
|---|---|
| **PAUL ANDREW LEITNER-WISE**<br>**917 Juniper Place**<br>**Alexandria VA 22304**<br><br>                              **Plaintiff**<br><br>**v.**<br><br>**LWRC INTERNATIONAL, LLC**<br>**815 Chesapeake Drive**<br>**Cambridge MD 21613**<br><br>**and**<br><br>**SIG SAUER, INC.**<br>**18 Industrial Drive**<br>**Exeter NH 03833**<br><br>                              **Defendants** | **Civil Action Number**<br><br>**8:16-cv-2430** |

## COMPLAINT

This is a patent infringement complaint by inventor Paul Andrew Leitner-Wise against firearms manufacturers LWRC International, LLC and SIG Sauer, Inc.

## PARTIES AND SUBJECT MATTER

1.      Plaintiff Paul Andrew Leitner-Wise is a natural person, and a subject of the United Kingdom.  Leitner-Wise is not a permanent resident alien under the Immigration and Nationality Act.

2.      Defendant LWRC International, LLC is a limited liability company organized under the laws of Maryland with a principal place of business in Cambridge Maryland.

3.      Defendant SIG Sauer, Inc. is a corporation incorporated under the laws of Delaware with a principal place of business in Exeter, New Hampshire.  SIG Sauer, Inc. is associated with, but organizationally separated from, SIG Sauer GmbH of Schleswig-Holstein, Germany, a subsidiary of Lüke & Ortmeier Gruppe, also known as L&O Holding.

4.      The events described herein largely occurred within the State of Maryland and also closely relate to prior proceedings before this Court in *LWRC International, LLC v. SIG Sauer, Inc.,* 1:11-cv-00152-WDQ.


**JURISDICTION AND VENUE**

5.      The Plaintiff herein offers a civil action for monetary damages arising under 35 U.S.C. § 271, *et seq*. for patent infringement.

6.      The Plaintiff further requests injunctive relief also under 35 U.S.C. § 271, *et seq*. for patent infringement.

7.      Under 28 U.S.C. § 1331, the United States District Court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States, including 35 U.S.C. § 271, *et seq*.

8.      The Plaintiff is a subject of the United Kingdom residing in Virginia.

9.      The Defendants are citizens of New Hampshire, Delaware and Maryland under 28 U.S.C. § 1332 (c)(1).

10.      The amount in controversy herein exceeds $75,000, exclusive of interest and costs.

11.      This Court has further jurisdiction under 28 U.S.C. § 1332 (a)(4) where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of a State and citizens or subjects of a foreign state not permanent resident aliens.

12.      The Plaintiff asks this Court to declare his rights and other legal relations.

13.      Under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*, the United States District Court may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

14.      The Plaintiff offers an additional causes of action of common law unjust enrichment and breach of contract.

15.      Under 28 U.S.C. § 1367, the United States District Court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

16.      The Plaintiff's common law claims are so related to the Federal law claims that they form part of the same case or controversy.

17.     The Plaintiff asserts that these common law claims is necessarily a "federal" common law claim required to fill minor gaps in existing federal law.

18.     "The inevitable incompleteness presented by all legislation means that interstitial federal lawmaking is a basic responsibility of the federal courts."  *United States v. Little Lake Misere Land Co., Inc.*, 412 U.S. 580, 593 (1973).  The United States District Court therefore has 28 U.S.C. § 1331 federal question jurisdiction for such federal common law questions herein.


## RELEVANT FACTS

19.     In 2004, Plaintiff Paul Andrew Leitner-Wise invented a "Self-Cleaning Gas Operating System for a Firearm", United States Patent No. 7,461,581 (the '581 patent), a self-regulating short-stroke piston operating system for AR-15 type self-loading rifles.  Pl.'s Ex. A.

20.     Leitner-Wise is the founder of the Leitner-Wise Rifle Company, Inc., a Virginia Corporation known as LWRC.

21.     In 2005, Leitner-Wise sold LWRC.

22.     On April 11, 2005, Leitner-Wise entered into an Employment Agreement with the Leitner-Wise Rifle Company, Inc.

23.     Such Employment Agreement stated *inter alia*,

Employer [Leitner-Wise Rifle Company, Inc.] hereby acknowledges that Executive [Paul Andrew Leitner-Wise] has developed certain Intellectual Property prior to the execution of this Agreement which Employer desires to exercise ownership rights including patents developed while Executive was employed by Leitner-Wise Rifle Company (hereafter LWRC). Employer will separately pay a royalty of one half of one percent (.05%) [*sic*] on the net sale

4

price of each product containing a previously patented or patentable or otherwise protected device developed by the Executive... Payment of royalties under this section shall not be withheld or terminated regardless of any Termination of the Executive for any reason.

Pl.'s Ex. B at 8.

24.     Leitner-Wise left employment with Leitner-Wise Rifle Company, Inc. on October 31, 2006.

25.     On that date, Leitner-Wise assigned the pending '581 patent to the Leitner-Wise Rifle Company, Inc.  Pl.'s Ex. C.

26.     Such consideration for the assignment included the ongoing compensation due to Leitner-Wise described in paragraph 18 above.

27.     Following cessation of his employment with Leitner-Wise Rifle Company, Inc., unknown persons removed all copies of Leitner-Wise's contracts from his possessions at the company's offices and all copies of Pl.'s Ex. B were believed to be lost.

28.     On information and belief, such removal of the contracts from Leitner-Wise's possessions was intended to deprive him of evidence of this Employment Agreement and the residual benefits of the agreement following his departure from Leitner-Wise Rifle Company, Inc.

29.     On April 18, 2008, Leitner-Wise Rifle Company, Inc. assigned the '581 patent to Defendant LWRC International, LLC.  Pl.'s Ex. D.

30.     Such assignment falsely identified the inventor as the ASSIGNOR, Leitner-Wise Rifle Company, Inc.  *Id*.

31.     Because of the false representations therein, the assignment was defective on its face.

32.     Because of the false representations therein, the assignment was, and is, null and void.

33.     Such (re-)assignment in 2008 was made without the knowledge or authority of the inventor, Leitner-Wise.

34.     Such (re-)assignment in 2008 was made without due consideration of the existing compensation agreement with royalties due to Leitner-Wise.  Pl.'s Ex. B.

35.     On information and belief, such false identification of the inventor within the 2008 assignment was for the sole purpose of avoiding disclosure of Leitner-Wise's ongoing right to royalties on the patent and to further deprive Leitner-Wise of the residual benefits of his Employment Agreement with Leitner-Wise Rifle Company, Inc. which survived his termination of employment.

36.     On January 18, 2011, Defendant LWRC International, LLC filed suit in this Court against Defendant SIG Sauer, Inc.  1:11-cv-00152-WDQ.

37.     Within this lawsuit, Defendant LWRC International, LLC alleged, *inter alia*:

> 6.     LWRCI is the owner of United States Patent No. 7,461,581 ("the '581 patent"), entitled "Self-Cleaning Gas Operating System For A Firearm" and has the right to sue for infringement and collect damages for such infringement...

> 7.     Defendant Sig Sauer has been and is infringing, contributing to the infringement of, and/or inducing the infringement of the '581 patent by, among other things, making, using, selling, and/or offering for sale autoloading rifles with their associated gas operating system, including rifle models #SIG516 PATROL and #SIG516 PRECISION MARKSMAN, within the territorial boundaries of the United States and this judicial District without the consent, license or authorization of LWRCI, and will continue to do so unless enjoined by this Court.

8.      Upon information and belief, Defendant Sig Sauer's infringement of the '581 patent has been and is willful.

Pl.'s Ex. E at 2.

38.      On information and belief, attorneys for, or employees of, Defendant SIG Sauer, Inc. in the course of investigating Defendant LWRC International, LLC's claims in the 2011 case, discovered the fraud committed in the 2008 assignment of the '581 patent.

39.      On information and belief, attorneys for, or employees of, Defendant SIG Sauer, Inc. in the course of investigating Defendant LWRC International, LLC's claims in the 2011 case determined that the 2008 assignment of the '581 patent was invalid.

40.      In Defendant SIG Sauer, Inc.'s Answer and Counterclaim, this Defendant claimed the '581 patent to be invalid.  Pl.'s Ex. F at 3.

41.      On information and belief, attorneys for Defendant SIG Sauer, Inc. then informed Defendant LWRC International, LLC of the evidence of the fraud committed in the 2008 assignment of the '581 patent and the now evident <u>mutual</u> infringement of the Plaintiff's patent.

42.      On information and belief, the Defendants conspired to discontinue such litigation amicably as to avoid further disclosure of the fraudulent 2008 assignment and to continue such infringement unimpeded.

43.      On June 17, 2011, the Defendants stipulated to a protective order before this Court.  Pl.'s Ex. G.

44.      On information and belief, the Defendants employed such protective order for the sole purpose of protecting the fraudulent assignment from public disclosure and from disclosure to Leitner-Wise.

45.     On information and belief, such stipulation to the protective order was an affirmative act in furtherance of the conspiracy between the Defendants to hide the fraudulent 2008 assignment from the public and Leitner-Wise and to continue their mutual infringement on the '581 patent.

46.     On August 1, 2011, the Defendants stipulated to the dismissal of their case before this Court.  Pl.'s Ex. H.

47.     On information and belief, such stipulation to the dismissal was an additional affirmative act in furtherance of the conspiracy between the Defendants to hide the fraudulent 2008 assignment from the public and Leitner-Wise and to continue their mutual infringement on the '581 patent.

48.     Neither Defendant has ever paid Leitner-Wise for the value received from the ongoing use of this intellectual property.

49.     On information and belief, Leitner-Wise Rifle Company, Inc. is now defunct.

50.     In late November 2014, an attorney working for Leitner-Wise on immigration matters, discovered a copy of the lost Employment Agreement.  Pl.'s Ex. B. The attorney later provided the agreement to Leitner-Wise.


**COUNT I**
**PATENT INFRINGEMENT**

51.     Paragraphs 1-50 are incorporated by reference as if fully set forth herein.

52.     Leitner-Wise is the rightful owner of United States Patent No. 7,461,581 ("the '581 patent"), entitled "Self-Cleaning Gas Operating System For A Firearm" and

has the right to sue for infringement and collect damages for such infringement.  The '581

patent issued on December 9, 2008.  Pl.'s Ex. A.

53.     Any assignment of the '581 patent by Leitner-Wise was for compensation

on an ongoing basis, including the payment of royalties to Leitner-Wise.

54.     As the inventor, and as an assignor who maintains a royalty interest in the

patent, Leitner-Wise is a "patentee" of the '581 patent with a statutory right to sue for

infringement under 35 U.S.C. § 281.

55.     Further, Leitner-Wise maintains a sufficient financial and property interest

in the patent such as to place him properly within the zone of injury or interest as to

confer prudential standing upon him to now sue for infringement and collect damages for

such infringement.

56.     Defendant LWRC International, LLC has been and is infringing,

contributing to the infringement of, and/or inducing the infringement of the '581 patent

by, among other things, making, using, selling, and/or offering for sale self-loading rifles

with the Leitner-Wise self-regulating short-stroke piston system, including rifle models

M6A2, M6A4, M6-SL, M6-G, M6-PSD, SABR, IC-Enhanced, IC-A2, IC-A5, IC-SPR,

IC-PSD, IC-PDW, SIX8-A2, SIX8-A5, SIX8-SPR and R.E.P.R., and pistol models IC-

PSD and SIX8-PISTOL, within the territorial boundaries of the United States and this

judicial District without the consent, license or authorization of Plaintiff Leitner-Wise,

and will continue to do so unless enjoined by this Court.

57.     Defendant SIG Sauer, Inc. has been and is infringing, contributing to the

infringement of, and/or inducing the infringement of the '581 patent by, among other

things, making, using, selling, and/or offering for sale self-loading rifles with the Leitner-Wise self-regulating short-stroke piston system, including rifle models SIG MCX, SIG516 Patrol, SIG516 Precision Marksman, SIG516 PDW, SIG516 CQB, SIG516 Tactical Patrol, SIG516 Carbon, SIG516 Carbon TS, SIG716 Patrol, SIG716 DMR, SIG716 CQB, and pistol model P516 within the territorial boundaries of the United States and this judicial District without the consent, license or authorization of Plaintiff Leitner-Wise, and will continue to do so unless enjoined by this Court.

58.     As demonstrated by the prior proceedings before this Court, and the Defendants' evident acts of concealment therein, the Defendants' infringement of the '581 patent has been, and is, willful.

59.     Plaintiff Leitner-Wise has suffered and will continue to suffer irreparable injury and financial damage for which Plaintiff Leitner-Wise is entitled to damages for infringement, which damages shall be trebled, and for which Plaintiff Leitner-Wise is entitled to a preliminary and permanent injunction against further infringement.

60.     By this Complaint, Plaintiff Leitner-Wise does hereby comply with the notice requirements of 35 U.S.C. § 287 with respect to the '581 patent.

## COUNT II
## UNJUST ENRICHMENT

61.     Paragraphs 1-60 are incorporated by reference as if fully set forth herein.

62.     The Defendants' use of the '581 patent has greatly benefited the Defendants.

63.     The Defendants have known of the benefit they received by their use of the '581 patent.   See, *e.g.*, https://www.lwrci.com/t-about.aspx ("The foundation for every LWRCI rifle is our patented, self-regulating, short-stroke piston system.") [Accessed June 29, 2016]; http://www.sigsauer.com/CatalogProductDetails/sig516-carbon.aspx ("Modern warriors needed an AR-15 weapon that could overcome the harshest tactical environments. So we replaced the traditional gas impingement system with a cleaner, easier-to-maintain, short-stroke piston.") [Accessed June 29, 2016].

64.     The Defendants' use of the '581 patent under the present circumstances is such that it would be inequitable to allow them to retain the benefit without the paying of royalties in return.

65.     The Defendants are obliged by the ties of natural justice and equity to pay Leitner-Wise those royalties upon which he conditioned his assignment of the '581 patent to Leitner-Wise Rifle Company, Inc.

66.     Such circumstances give rise to the policy of restitution as a remedy.

67.     Such damages are ongoing and will increase over time.


## COUNT III
## BREACH OF CONTRACT

68.     Paragraphs 1-67 are incorporated by reference as if fully set forth herein.

69.     By accepting assignment of the '581 patent and the benefits thereof, Defendant LWRC International, LLC assumed the underlying obligation to pay royalties to Leitner-Wise upon which the original assignment was conditioned.

70.     Defendant LWRC International, LLC has failed without excuse to pay such royalties to Leitner-Wise for the use of the '581 patent.

71.     Defendant LWRC International, LLC has further failed to defend Leitner-Wise's royalty interests incumbent in the assignment of the '581 patent by failing to prosecute known infringement claims against Defendant SIG Sauer, Inc.

72.     Plaintiff Leitner-Wise has been directly and proximately injured by Defendant LWRC International, LLC's breach of its assumed royalty obligations to Leitner-Wise.

WHEREFORE, the Plaintiff seeks a declaration by this honorable Court finding the Defendants' conduct to be unlawful, an award of monetary damages according to proof at trial under applicable law in excess of $75,000, that such damages be trebled, costs and attorney's fees, and an injunction barring further infringement.  If there should be an insufficient remedy at law, the Plaintiff seeks equitable relief.

The Plaintiff demands a jury trial on all issues so triable.

_____
Matthew August LeFande
Attorney at Law PLLC
1644 Sixth Street NW
Washington DC 20001
Tel: (202) 657-5800
Fax: (202) 318-8019
email: matt@lefande.com
D. Md. Bar Number 16302
Attorney for the Plaintiff

12